IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| RADIANT SYSTEMS, INC., and RADIANT HOSPITALITY SYSTEMS, LTD. | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:04-CV-2597-P |
| v. | § § | |
| AMERICAN SCHEDULING, INC., | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

_____Now before the Court for its consideration are (1) Defendant's Motion to Dismiss, filed December 10, 2004; (2) Plaintiffs' Motion to Strike Defendant's Second Supplemental Reply ("Motion to Strike"), filed May 20, 2005; and (3) Plaintiffs' Motion for Leave to File Supplemental Response, filed May 24, 2005.[1] After careful consideration of the Parties' briefing and applicable law, the Court hereby GRANTS Defendant's Motion to Dismiss, GRANTS Plaintiffs' Motion to Strike Defendant's Second Supplemental Reply, and GRANTS Plaintiffs' Motion for Leave to File Supplemental Response.

## BACKGROUND

In November 1998, American Scheduling, Inc. ("ASI" or "Defendant"), a Delaware Corporation, entered into an agreement with Ibertech ("Agreement"), under which ASI sold

---

[1] Radiant seeks to file a supplemental response attaching new case law concerning whether a non-signatory litigant who sues based on a contract containing an arbitration clause may be compelled to arbitrate. The Court hereby GRANTS Radiant's motion.

1

computer software to Ibertech for resale to its customers.  The Agreement required Ibertech to pay

ASI commissions based on revenues Ibertech would receive from selling the software to its

customers.

Ibertech subsequently transferred the software to its wholly-owned subsidiary, Aloha

Technologies, Ltd. ("Aloha").  In January 2004, Aloha sold substantially all of its asserts, including

the software, to Plaintiff Radiant Hospitality, a Texas limited partnership ("Radiant" or "Plaintiff")

("Asset Purchase Agreement").

In July 2004, ASI made a demand for Ibertech and Aloha to submit to arbitration in Delaware

under the terms of their agreement.  ASI claimed that Ibertech and Aloha owed it commissions based

on the sale of the software.  In October 2004, ASI added Radiant as a party to the arbitration.

ASI also filed a lawsuit against Ibertech, Aloha, and Radiant in Delaware state court,

claiming damages under the Agreement.

In November 2004, Radiant filed this declaratory judgment action against ASI in Texas state

court.  ASI timely removed the case to federal court.  Radiant filed a motion to remand the action

back to state court, which was denied by this Court on May 12, 2005.

In December 2004, ASI moved to dismiss this case for lack of personal jurisdiction.  In its

motion, ASI argues that (1) the cause of action does not arise from any alleged contacts with Texas;

(2) that this dispute has been previously filed in other forums where they can be satisfactorily

adjudicated; and (3) that the parties have agreed to arbitrate this dispute.

## DISCUSSION

I.   **MOTION TO STRIKE DEFENDANT'S**
     **SECOND SUPPLEMENTAL REPLY BRIEF.**

On May 10, 2005, the AAA issued its Interim Order on Jurisdiction in which it ruled on its own jurisdiction over this dispute.  On March 12, 2005, ASI filed - without leave of Court - a "Second Supplemental Reply in Support of Defendant's Motion to Dismiss" in which it submitted the AAA's order.  ASI also attached hundreds of pages of briefing and exhibits that had been before the AAA for its consideration.

On May 20, 2005, Radiant filed a Motion to Strike ASI's Second Supplemental Reply in Support of Defendant's Motion to Dismiss.  Radiant argues that the reply and its attachments should be stricken because (1) ASI failed to seek leave to file the reply and (2) the materials filed in conjunction with the reply were confidential and constitute a violation of the protective order entered in the arbitration proceeding.

That same day, Radiant sent a letter to the arbitrator accusing ASI of intentionally violating the protective order by filing confidential materials in this lawsuit and requesting that sanctions be imposed on ASI.  On May 26, 2005, the arbitrator agreed with Radiant and enjoined ASI from any further use of confidential information without the arbitrator's or other party's approval.  The arbitrator also ordered ASI to pay to Radiant the costs Radiant incurred in filing the motion.

Radiant argues that ASI should not be permitted to file the Second Supplemental Reply because it was filed without seeking leave of Court, as required by the Court's Local Rules.  ASI responded by submitting a lengthy brief filled with numerous pages of irrelevant briefing.  Eleven pages into the brief ASI finally addresses Radiant's argument.  ASI explains that it did not believe

3

it was required to file a motion for leave. ASI contends that prior to the filing, the Court contacted

counsel for ASI and it was agreed that ASI would provide the Court with the arbitrator's order as

soon as possible. (Resp. at 7.) ASI argues that "[b]ased on the agreement to provide the May 10

Order to the Court, [ASI] believes it did not need leave to file its Second Supplemental Reply . . ."

(Resp. at 11.)

      The Court's recollection of its conversation with counsel for ASI differs considerably from

ASI's account. First, the Court did not initiate contact with ASI with respect to the arbitrator's order

as the court was unaware of the order until informed by counsel. Second, the Court recalls that

counsel for ASI contacted the Court to notify the law clerk that he would be filing a supplemental

reply. There was no "agreement" between the Court and ASI's counsel. If ASI's counsel was

attempting to obtain an agreement with the Court through an *ex parte* communication with Court

staff, that would be wholly improper. Any request for court approval to file supplemental briefing

should be made in writing with notice to all parties. Any communication with the court advising

the court of an intended filing does not relieve counsel of compliance with the rules of procedure,

the local rules, or the rules of ethics. Giving counsel the benefit of the doubt, the Court understood

the call as advising the Court that a hearing had occurred and giving advance notice that counsel

would be filing a supplemental reply. If the Local Rules required ASI to move for leave to file its

supplemental reply, then ASI was required to comply with the Local Rules. Nothing in the exchange

between the Court and ASI relieved ASI of its obligation to comply with the Local Rules.

      Radiant also argues that the Court should strike Exhibit 3 to ASI's Exhibit 2 (ASI's

arbitration opposition brief) because it contains over forty pages of confidential material. The

arbitrator agreed and noted that ASI's interpretation of the protective order "strains the language,

4

logic and intent of the provision . . ." (Radiant's Supp. Ex. at 2.)

In light of these facts, the Court hereby GRANTS Radiant's Motion to Strike. The Court instructs the Clerk's Office to unfile and expunge from the public record Exhibit 3 to ASI's Exhibit 2 to its Second Supplemental Reply. Additionally, the Court strikes from the record the remainder of Exhibit 2 to ASI's Second Supplemental Reply and ASI's Appendix to its Response to Radiant's Motion to Strike, which is replete with documentation that is irrelevant to the Motion to Strike. Finally, the Court hereby awards Radiant its reasonable attorneys' fees and costs associated with filing its Motion to Strike.

## II.    ASI'S MOTION TO DISMISS.

### A.    Lack of Personal Jurisdiction.

ASI moves to dismiss Radiant's declaratory judgment action because, it contends, this Court lacks personal jurisdiction over ASI. The plaintiff bears the burden of establishing a district court's personal jurisdiction over a nonresident defendant who moves for dismissal. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.1994). However, when a court rules on such motion without holding an evidentiary hearing, the plaintiff only has to establish a *prima facie* case for personal jurisdiction, as the court must accept as true all uncontroverted allegations in the complaint and resolve all factual conflicts presented by the parties' in the plaintiff's favor. *See Wilson*, 20 F.3d at 648. As there has been no evidentiary hearing in this case, Radiant only has to show a *prima facie* case.

Federal courts in Texas have personal jurisdiction over a defendant to the same extent as the Texas state courts. *See Aviles v. Kunkle*, 978 F.2d 201, 203-4 (5th Cir.1992). Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the Court need only

5

determine whether exercising jurisdiction over ASI is consistent with Due Process. *Id.*

Generally, due process would only be satisfied in this context if ASI has purposefully established "minimum contacts" in the forum state and the exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-475, 476 (1985). Minimum contacts may take the form of either general or specific jurisdiction. *See Freudensprung v. Offshore Technical Services Inc.*, 379 F.3d 327, 343 (5th Cir. 2003). To establish general jurisdiction, it must be shown the a defendant's contacts with the forum were "continuous and systematic." *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445-46 (1952). Specific jurisdiction exists when a Defendant "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King Corp.*, 471 U.S. at 474-75 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). This "purposeful availment" requirement protects a defendant from being brought into a jurisdiction solely based on "random," "fortuitous," or "attenuated" contacts. *Id.* at 475. A single act may form a sufficient basis for personal jurisdiction, if the claim arises from that single act and the defendant can reasonably forsee being brought into court in the forum state. *See Icee Distributors, Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 591 (5th Cir. 2003). However, simply contracting with a resident of the forum state does not sufficiently support the exercise of jurisdiction over the defendant. *See d.* Rather, to determine whether a defendant has purposefully established minimum contacts with the forum, the important considerations are prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing. *Id.* at 591-92.

Radiant points to certain of ASI's contacts with Texas and argues that these activities are sufficient to establish minimum contacts with the State. First, Radiant contends that ASI approached

6

Ibertech, a Texas corporation, to solicit business. (Pl.'s App. at 1.) Specifically, the evidence indicates that Willis Sarget ("Sargent"), President of ASI, made an unsolicited call to Ibertech in Texas and initiated discussions to sell its software. (Pl.'s App. at 1.) In 1998, Sargent visited Ibertech's offices in Texas to negotiate the sale of the software which resulted in the Agreement being executed on November 1, 1998. (Pl.'s App. at 1.) One of the terms of the Agreement provided that Willis Sargent's son, would be hired to work for Ibertech to perform various services requiring him to make several trips to Ibertech's Texas office. (Pl.'s App. at 2.) The Agreement was also entered into in Texas, was to be performed in Texas and was to be construed according to Texas law. (Pl.'s App. at 2.)

ASI argues that these contacts are insufficient because these activities are completely unrelated to lawsuit at issue, which arises not from the Agreement between ASI and Ibertech, but rather from the Asset Purchase Agreement between Radiant and Aloha.

The Court disagrees with ASI that the Agreement is irrelevant to this lawsuit. The lawsuit at issue was filed to resolve what duties, if any, are owed by Radiant to ASI under the Agreement. Although the Court must look to the Asset Purchase Agreement to determine whether Radiant assumed Ibertech's duties, the duties themselves arise from the Agreement.

The Court also concludes that the claim pled by Radiant arises from ASI's contacts with this State. The evidence is undisputed that ASI solicited the relationship by telephoning Ibertech in Texas, that contract negotiations were held in Texas, that performance of the contract was in Texas, and that the parties' Agreement contained a Texas choice-of-law provision. Based on these facts, the Court concludes that ASI purposefully availed itself of the privilege of conducting activities in Texas, thus invoking the benefits and protections of its laws. Moreover, it was foreseeable that the

7

contact might result in litigation. *See, e.g., Electrosource, Inc. v. Battery Techs., Ltd.*, 176 F.3d 867, 872 (5th Cir. 1999) (travel to Texas to negotiate contract and partial performance in Texas conferred jurisdiction); *Jones v. Perry-Ray Geographical, Geosource Inc.*, 954 F.2d 1061, 1069 (5th Cir. 1992) (choice-of-law provision is a relevant factor for determining purposeful activity); *Beechem v. Pippin*, 686 S.W.2d 356, 361 (Tex. App. - Austin 1985, no writ) (contract solicited in Texas confers jurisdiction); *Fish v. Tandy Corp.*, 948 S.W.2d 886, 894-95 (Tex. App. - Fort Worth 1997, writ denied) (contract negotiated in Texas, including visits, payment, and correspondence to the state, confers jurisdiction).

### B.     Litigation in another forum.

ASI also argues that this case should be dismissed because these claims have already been filed in Delaware state court, which can satisfactorily adjudicate the dispute. ASI relies on *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942) for the proposition that a federal court should not proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.

Radiant responds by arguing *Brillhart* also requires federal courts to look at several factors before refusing to exercise its jurisdiction in a case such as this.

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Id.* at 495.

Radiant contends that these factors weigh in favor of adjudicating the federal case. Radiant

argues that the federal case involves different parties[2] and different claims, and that the Delaware action may have jurisdictional problems, which are pending before the Delaware court. ASI does not rebut any of these arguments. Therefore, the Court is unable to find that the issues raised in the federal case would be better adjudicated in the Delaware proceeding.

## C.     Arbitration.

ASI argues that the Court should dismiss this action because the parties to the Agreement agreed to arbitrate disputes arising therefrom. On May 10, 2005, the arbitrator ruled that Radiant assumed the obligation to arbitrate disputes under the 1998 Agreement. (Pl.'s Second Supp. Reply App. Ex. 1.) Because this issue has already been litigated in the arbitration proceeding, the Court declines to relitigate the issue under the doctrine of collateral estoppel. *See Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1136 (5th Cir. 1991). Therefore, the Court hereby GRANTS ASI's motion to dismiss.

It is SO ORDERED, this 1st day of July 2005.

*Jorge A. Solis*

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[2] The Delaware court dismissed the claims against Radiant, thus, all parties in our case are not parties to the Delaware case.

9