IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RADIANT SYSTEMS, INC., and RADIANT HOSPITALITY SYSTEMS, LTD. | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:04-CV-2597-P |
| v. | § § | |
| AMERICAN SCHEDULING, INC., | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiffs Radiant Systems, Inc. and Radiant Hospitality Systems Ltd.'s ("Radiant") Rule 59(e) Motion for Reconsideration, filed July 18, 2005. After careful consideration of the Parties' briefing and applicable law, the Court hereby GRANTS Radiant's motion.

In its July 1, 2005 order granting Defendant American Scheduling Inc's ("ASI") motion to dismiss Radiant's declaratory judgment action, the Court held that Radiant was collaterally estopped from relitigating the arbitrator's May 10, 2005 decision that Radiant was obligated to arbitrate this dispute. In its motion, Radiant contends that the Court committed a manifest error of law when it applied the principle of collateral estoppel in dismissing Radiant's lawsuit. Radiant contends that the Court was required to independently resolve the issue of arbitrability and was not permitted to rely on the doctrine of collateral estoppel.

## BACKGROUND

In its motion to dismiss, ASI argued that the Court should dismiss Radiant's complaint because the Parties had agreed that the arbitrator would determine whether the claims at issue were arbitrable. (Def.'s Mot. to Dismiss at 13.) Radiant responded by arguing that Radiant was not a party to the agreement to arbitrate and the issues of whether Radiant was bound by the agreement and subject to arbitration were for the Court, not the arbitrator, to decide. Radiant further maintained that an arbitrator was allowed to determine its own jurisdiction only if there was "clear and unmistakable" evidence that the parties agreed that the arbitrator would determine jurisdiction. (Pl.'s Resp. to Mot. to Dismiss.)[1] Radiant further argued there was no clear and unmistakable evidence in this case - Radiant's only participation in the arbitration was to file an objection rather than suffer a default.

ASI replies by arguing that there was clear and unmistakable evidence that the Parties agreed the arbitrator would resolve the issue of arbitrability. ASI submitted evidence indicating that both Radiant and ASI argued the issue of arbitrability before the arbitrator. (Def.'s Reply App. at 1-2, 14-16.) The Parties conducted discovery on the arbitrability issue, submitted briefing on the issue, and participated in a hearing before the arbitrator on the issue.

On May 10, 2005, the arbitrator issued an order declaring that it "ha[d] the power to rule on its own jurisdiction." (Order at 1.) The arbitrator also found that Radiant was bound by the arbitration agreement even though it was not a signatory to the agreement.

In this Court's July 1, 2005 order, the Court held that the doctrine of collateral estoppel mandated that the Court respect the arbitrator's ruling that Radiant assumed the obligation to

---

[1] Radiant failed to number the pages of its response brief.

2

arbitrate, thereby causing its federal lawsuit to be dismissed. Implicit in the Court's holding was a determination that the arbitrator had the power to resolve the issue of arbitrability.

## DISCUSSION

Radiant correctly observes that the Court's order did not include an analysis on the issue of whether there was "clear and unmistakable" evidence that the Parties agreed to allow the arbitrator to resolve the issue of arbitrability.

The question of whether an arbitrator has the power to arbitrate a dispute depends on whether the parties to the dispute agreed to submit the question to the arbitrator for a decision. *See General Motors Corp. v. Pamela Equities Corp.*, 146 F.3d 242, 248 (5th Cir. 1998). The Supreme Court has held that courts should not assume that the parties agreed to arbitrate the issue of arbitrability unless there is "clear and unmistakable" evidence that they did so. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In fact, "the law creates a presumption that the parties did not agree to submit any question as to the arbitrator's own power to that very same arbitrator." *General Motors*, 146 F.3d at 248, 251. "[A]ny silence, ambiguity, or doubts about this question should be resolved in favor of concluding that the parties did not agree to submit the issue to the arbitrator." *Id.* at 248. Thus, when a party contends that another party agreed to submit to the arbitrator the issue of whether the arbitrator had authority to arbitrate the dispute, that party has the burden of demonstrating clearly and unmistakably that the other party agreed. *See id.* The United States Supreme Court has held that "merely arguing the arbitrability issue to an arbitrator does not indicate a clear willingness to arbitrate that issue, *i.e.* a willingness to be effectively bround by the arbitrator's decision on that point." *First Options*, 514 U.S. at 946; *see also Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 355 (5th Cir. 2003.)

ASI argues that the uncontroverted evidence establishes that the Parties clearly and unmistakenly agreed that the issue of arbitrability would be resolved by the arbitrator. ASI relies on language contained in Radiant's Original Petition, filed November 5, 2004, which reads, "On October 22, 2004, Radiant Systems filed objections to its inclusion in the Ibertech arbitration proceedings and sought to be dismissed from the arbitration. Said objections are presently pending and *will be decided once an arbitrator is appointed.*" (Pls.' Orig. Compl. at 4.) (emphasis added) Implicit in Radiant' statement is that the arbitrator would resolve Radiant' objection on the issue of arbitrability.

ASI also presents evidence establishing that on November 29, 2004, at a preliminary hearing before the arbitrator, the Parties allowed the arbitrability issue to be argued before the arbitrator. Counsel for ASI testifies in his affidavit that the arbitrator began the hearing by raising the issue of arbitrability. The remainder of the hearing was spent addressing arbitrability-related issues - *e.g.*, discovery, protective orders, procedure, briefing issues. (Def.'s Reply App. at 14-16.) The arbitrator's order issued the following day corroborates ASI's counsel's testimony. (Def.'s Reply App. at 1-2.) ASI further contends that Radiant never objected to the arbitrator's order, never asked for reconsideration of the order, and never raised any complaints about the decisions contained therein. (Def.'s Reply App. at 16.)

The evidence in this case is undisputed that Radiant objected to its participation in the arbitration proceeding and filed an objection to the arbitrator's jurisdiction. That Radiant participated in the hearings held by the arbitrator and argued the arbitrability issue before the arbitrator does not rise to the level of a clear and unmistakable willingness to arbitrate the issue. As the Court in *First Options* noted, "To the contrary, insofar as the [party] [was] forcefully objecting

to the arbitrator's deciding their dispute . . . one naturally would think that they did *not* want the arbitrators to have binding authority over them." *First Options*, 514 U.S. at 946 (emphasis in original). The evidence relied on by ASI is neither clear nor unambiguous with respect to Radiant's willingness to submit the issue of arbitrability to the arbitrator. The language in the Original Petition does not indicate that Radiant clearly and unequivocally submitted to the arbitrator by its own choice. Likewise, the fact that Radiant participated in the hearing over its objection does not establish that Radiant agreed to be bound by the arbitrator's decision.

ASI has not produced sufficient evidence to rebut the presumption that Radiant did not agree to submit the arbitrability issue to the arbitrator for his consideration. For this reason, Radiant's Motion for Reconsideration is hereby GRANTED and the Court hereby VACATES in part its July 1, 2005 Order and VACATES its decision granting ASI's Motion to Dismiss.

It is SO ORDERED, this 31st day of August 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE