IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RADIANT SYSTEMS, INC., and RADIANT HOSPITALITY SYSTEMS, LTD., | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:04-CV-2597-P |
| v. | § § | |
| AMERICAN SCHEDULING, INC., | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant American Scheduling, Inc.'s ("Defendant" or "ASI") Motion to Compel Arbitration, filed September 8, 2005. After careful consideration of the Parties' briefing and applicable law, the Court hereby GRANTS Defendant's Motion.

## FACTS

In November 1998, ASI executed a contract ("1998 Contract") with Ibertech, Inc. ("Ibertech") that obligated Ibertech and its successors and assigns to use their best efforts to sell and market ASI's software ("Software"). The 1998 Contract required, in part, that Ibertech sell and market the Software from June 2001 until ASI's royalties reach $600,000. ASI alleges they have received no royalty payments under that provision, and presumably, the obligation continues under the 1998 Contract. The 1998 Contract also contained a mandatory arbitration provision.

Ibertech sold substantially all of its assets, including the Software, to Aloha Technologies. In January 2004, Aloha Technologies sold substantially all of its assets, including the Software, to Plaintiffs Radiant Systems, Inc. and Radiant Hospitality Systems, Ltd. ("Radiant" or "Plaintiffs"). This transaction was memorialized in the Radiant Asset Purchase Agreement.

1

ASI alleges that Ibertech and Radiant have refused to honor the obligations contained in the 1998 Contract, including the obligation to use their best efforts to generate royalties. In November 2004, Radiant filed this lawsuit seeking a declaration that it owes no obligations to ASI under the 1998 Contract between Ibertech and ASI. Radiant also seeks a declaration that it is not bound by the arbitration clause in the 1998 Contract.

ASI filed this motion to compel arbitration, which is now before the Court for its consideration.

## DISCUSSION

Because arbitration is contractual by nature, a party cannot be required to submit to arbitration a dispute that he has not agreed to submit. *See In re Kellog, Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005). It does not follow, however, that an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision. *See In re Kellog,*, 166 S.W.3d at 738. In fact, a nonsignatory party may be bound to an arbitration agreement pursuant to ordinary principles of contract and agency. *See Bridas v. S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003). Accordingly, there are five theories for binding nonsignatories to arbitration agreements: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel. *See id.*

The Parties do not dispute that Radiant was not a signatory to the 1998 Contract. Rather, the disputed issue is whether Radiant accepted assignment of the obligations contained in the 1998 Contract, including the arbitration provision. ASI argues that Radiant assumed the 1998 Contract when it purchased the assets and liabilities of Ibertech. Radiant argues that it neither purchased nor accepted assignment of the 1998 Contract when it executed the Radiant Asset Purchase Agreement.

2

In support of its argument that Radiant assumed the 1998 Contract, ASI argues that Section 1.01 of the Radiant Asset Purchase Agreement identifies the 1998 Contract as an "Asset" purchased by, and transferred to, Radiant. The only assets not acquired by Radiant are listed on a one-page list of "Excluded Assets" (which identifies five contracts). The 1998 Contract is not listed as an excluded asset. ASI contends that because Radiant did not list the 1998 Contract as an excluded asset, ASI is bound by its terms. (Def.'s Mot. at 4-6.)

In response, Radiant argues that (1) the 1998 Contract was not among the contracts or liabilities assumed by Radiant when it purchased the Ibertech/Aloha assets and (2) the liabilities for the alleged breach by Ibertech/Aloha were specifically excluded from the transaction. (Resp. at 10.) In support of its argument, Radiant notes that in December 2003, prior to the execution of the Radiant Asset Purchase Agreement, Radiant's due diligence revealed a pending dispute between ASI and Ibertech/Aloha. (Pl.'s App. at 137-40.) Despite Ibertech's requests, Radiant was unwilling to assume any of the liabilities of the dispute or any obligations to ASI. (*See* Pl.'s App. at 136, 48-49.)

Radiant notes that Texas law provides a presumption that an acquiring corporation does not assume the liabilities and obligations of the seller corporation unless there is an express assumption. *See* Tex. Bus. Corp. Act Ann. Art. 5.10 § B(2). Radiant argues that not only was there no express assumption of the liability, there was an express exclusion. On January 13, 2004, the Parties issued a side letter to the Radiant Asset Purchase Agreement providing that Ibertech and Aloha would retain all liabilities owed to ASI ("Radiant has not assumed any liabilities of Ibertech, Aloha, or their affiliates under the ASI Agreement."). (Def.'s App. at 132.)

However, the issue before the Court is not whether Radiant assumed the ASI dispute as a liability. Rather, the question at this juncture is whether Radiant assumed the 1998 Contract as an asset when it executed the Radiant Asset Purchase Agreement. Although Radiant states in a

3

conclusory fashion that the 1998 Contract "was not among the contracts or liabilities assumed by Radiant when it purchased the Ibertech/Aloha assets," neither its arguments nor the language of the purchase agreement support its position.

With respect to this issue of asset transfer, ASI points to several provisions in the Radiant Asset Purchase Agreement that indicate that the 1998 Contract was an asset the Parties intended to transfer to Radiant. First, the Radiant Asset Purchase Agreement begins by reciting the types of assets Radiant was purchasing from Ibertech/Aloha. Section 1.01 of the Radiant Asset Purchase Agreement states that Ibertech/Aloha will sell all of its rights in its business assets and properties including all business contracts. (Def.'s Mot. at 1-2.) There is no dispute that the 1998 Contract is a business contract. As ASI points out, the only contracts that Radiant did not assume are specifically excluded in Schedule 1.01(b), and the 1998 Contract is not listed as one of them. (*See* Defs.' App. at 84.)[1]

ASI also refers to Schedule 2.18(a)(ii) which lists those Ibertech/Aloha contracts containing non-compete agreements with other entities. One of the contracts listed on the Schedule is the 1998 Contract, which the Schedule notes, prohibits ASI's officers from competing against Ibertech/Aloha. The Schedule further notes that the non-compete agreements "can be assigned without the consent of [ASI officers] in the event of a sale or transfer of substantially all the *assets* of Ibertech." (Def.'s App. at 26, 86) (emphasis added). ASI contends that the notation in the Schedule considers the non-

---

[1] ASI also argues that Section 2.10(a) of the Radiant Asset Purchase Agreement establishes that Radiant acquired the 1998 Contract. According to ASI, that section addresses Ibertech/Aloha's warranties with respect to legal proceedings and represents that there are no legal proceedings pending against Ibertech/Aloha "relating to any of the assets" transferred to Radiant, except the ASI dispute. Thus, concludes ASI, the Parties considered the 1998 Contract to be an asset.
    ASI mischaracterizes Section 2.10, which actually states that there is no litigation pending against Ibertech/Aloha "with respect to the Business *or* any of the Assets." Thus, this section is not limited to litigation concerning assets.

4

competes agreements, which are contained in the 1998 Agreement, to be assets. (Pls.' App. at 36-43.)

Interestingly, Radiant does not discuss whether Radiant purchased the 1998 Contract as an asset. Instead it focuses on the fact that it excluded the dispute between Ibertech/Aloha and ASI as a liability. These two issues are not mutually exclusive and can be reconciled. That Radiant did not assume the liability associated with the dispute between Ibertech/Aloha and ASI with respect to the 1998 Contract does not mean it did not assume the 1998 Contract and the terms and obligations associated with it, including the arbitration provision from the closing date forward. The Court concludes that it did.

For these reasons, the Court hereby concludes that when Radiant purchased the assets of Ibertech/Aloha, Radiant assumed responsibility for performance of the 1998 Contract. When ASI sued Radiant for nonperformance of the 1998 Contract, Radiant was bound to arbitrate that dispute pursuant to the arbitration provision contained in the 1998 Contract.

Therefore, Defendant's Motion to Compel Arbitration is hereby GRANTED and the Court hereby STAYS this lawsuit pending the outcome of the arbitration proceedings. Additionally, Radiant's Emergency Motion for Temporary Restraining Order and Writ of Preliminary Injunction is hereby DENIED as MOOT.

It is SO ORDERED, this 30th day of September 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE