IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RADIANT SYSTEMS, INC., and § | | |
| RADIANT HOSPITALITY SYSTEMS, LTD., § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. | |
| § | 3:04-CV-2597-P | |
| AMERICAN SCHEDULING, INC., § | | |
| § | | |
| § | | |
| Defendant. § | | |

# MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant American Scheduling, Inc.'s Motion to Lift Stay Order of September 30, 2005 and Petition for Attorney's Fees and Costs, filed May 10, 2006. Plaintiffs Radiant Systems, Inc. and Radiant Hospitality Systems, Ltd. responded on June 9, 2006 and concurrently filed a Motion to Voluntarily Dismiss their Complaint pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court hereby GRANTS ASI's Motion to Lift Stay Order of September 30, 2005. The Court also DENIES without prejudice ASI's Petition for Attorney's Fees and Costs and DENIES Plaintiffs' Motion to Voluntarily Dismiss their Complaint.

## BACKGROUND AND PROCEDURAL HISTORY

In November 1998, American Scheduling, Inc. ("ASI" or "Defendant") entered into an agreement with Ibertech, Inc. ("Ibertech") under which ASI sold computer software to Ibertech for resale to Ibertech's customers ("1998 Agreement"). The Agreement required Ibertech to pay ASI

commissions based on revenues Ibertech would receive from selling the software to its customers.

Ibertech subsequently transferred the software to its wholly-owned subsidiary, Aloha Technologies, Ltd. ("Aloha"). In January 2004, Aloha sold substantially all of its asserts, including the software, to Plaintiffs Radiant Systems, Inc. and Radiant Hospitality (collectively, "Radiant" or "Plaintiffs").

In July 2004, ASI made a demand for Ibertech and Aloha to submit to arbitration in Delaware under the terms of the 1998 Agreement. ASI claimed that Ibertech and Aloha owed it commissions based on the sale of the software. In October 2004, ASI added Radiant as a party to the arbitration.

ASI also filed a lawsuit against Ibertech, Aloha, and Radiant in Delaware state court, claiming damages under the Agreement. That case was dismissed for lack of personal jurisdiction.

In November 2004, Radiant filed this declaratory judgment action against ASI in Texas state court seeking a declaration that Radiant was not a party to the 1998 Agreement and therefore was not required to participate in the arbitration. ASI timely removed the case to federal court and filed a motion to compel arbitration, which this Court granted on September 30, 2005, staying the litigation "pending the outcome of the arbitration proceedings."

After an eight-day hearing, the arbitrator found that Radiant acquired the 1998 Agreement and "the rights represented there-in" when it purchased Ibertech's assets. The arbitrator further found that Ibertech and Radiant breached the contract by failing to "undertake their best efforts to market and sell the software" and "wrongfully hid the transaction and wrongfully conspired" to deny ASI its rights to approve the acquisition. Consequently, Ibertech and Radiant "collectively and

severally retained all liability to ASI arising under or out of" the 1998 Agreement.  Further, the arbitrator declared that the 2004 assignment of the 1998 Agreement to Radiant was a material breach of the 1998 Agreement because Ibertech failed to obtain ASI's prior written consent, foreclosing its contracted-for right to protect itself from liabilities and loss.

Declaring ASI the "prevailing party," the arbitrator directed ASI to submit "itemized attorney's fees and costs" related to the arbitration only.  Using the "lodestar method," the arbitrator awarded ASI attorney's fees totaling $463,181 and costs totaling $111,417.87.  (Def.'s Mot. to Lift Stay Order at 1.)  As to the *court* costs incurred, the arbitrator ruled that he "neither denied nor granted" them, stating that they were not "addressed [at the arbitration] on the merits."  The arbitrator did note, however, that his decision should not "preclude ASI from requesting fees from respective courts" where the parties incurred the fees and costs in litigation related to the arbitration.  As a result, ASI filed the instant Motion to Lift the Stay Order and Petition for Attorney's Fees and Costs.

To support its claim for attorney's fees and costs, ASI has provided declarations from its attorneys and documentation of legal work performed on its behalf.  Radiant opposes ASI's Petition for Attorneys Fees and Costs and requests that the Court grant Radiant's Motion to Voluntarily Dismiss Their Complaint.  Radiant states that the case need only be re-opened for dismissal because ASI has no pending claim before this Court since the arbitrator resolved all of the issues raised in the declaratory judgment action.  Radiant also argues that when the arbitrator chose not to rule on attorney's fees and costs for court litigation, the decision resolved the matter and effectively denied the fees.  Further, Radiant argues that the arbitrator exceeded his authority when he attempted to

delegate decision making on this issue to the courts. Radiant believes that this Court is precluded from revisiting issues determined in arbitration because ASI did not prevail on any claim in this Court. Finally, Radiant argues that ASI's evidence supporting the reasonableness of its claim for fees and costs is insufficient.

## DISCUSSION

### I. COURT AUTHORITY TO AWARD FEES AFTER COMPELLING ARBITRATION.

Radiant contends that this Court lacks authority to award attorney's fees for the court litigation related to the arbitration because the 1998 Agreement "clearly obligated the parties to resolve all of their disputes in arbitration, and the arbitrator refused to award any further fees." (Pls.' Resp. at 6.)

As Radiant notes, the 1998 Agreement did mandate that the Parties resolve their contractual disputes in arbitration - which they ultimately did. Radiant initially resisted participating in the arbitration and filed this court action seeking a declaration that it was not required to do so. Now Radiant argues that only the arbitrator has the authority to award ASI the attorney's fees it incurred when ASI prevailed in this court litigation - litigation brought by Radiant. There is no legal authority or contractual provision prohibiting this Court from awarding ASI the attorney's fees it incurred in its successful attempt to compel Radiant to arbitration. This court-related litigation did not require the Court to resolve a breach of contract dispute arising from the 1998 Agreement; rather this Court was asked to resolve the equivalent of a motion compelling arbitration that involved a singular discrete issue upon which ASI prevailed. Other courts have awarded fees incurred in connection with litigation seeking to compel arbitration. *See, e.g., Local 765 v. Stroemann Bros.*

*Co.*, 625 F.2d 1092, 1094 (3d Cir. 1980); *International Assoc. of Machinists and Aerospace Workers v. Indresco, Inc.*, 892 F. Supp. 917, 922-23 (S.D. Tex. 1995).

Radiant mischaracterizes the arbitrator's decision when it says the arbitrator "refused" to award ASI the fees it incurred in the court litigation. The arbitrator apparently believed - and this Court believes - the more efficient and appropriate forum for determining the reasonableness and appropriateness of fees incurred in the court-related litigation is the court. (Def.'s App. at 7.) This Court has the most intimate knowledge of the procedural history of this case and is the most appropriate arbiter of the reasonableness of the fees incurred. To remand this case to the arbitrator for determination of the reasonableness of fees incurred in this forum would be unnecessarily costly, inefficient, and time consuming. Thus, the Court concludes it has jurisdiction to award fees and costs incurred in this litigation.

## II. TEXAS LAW GOVERNING ASI'S ATTORNEY'S FEES.

ASI argues that it is entitled to attorney's fees for the following reasons: (1) "the 1998 Agreement expressly provides that ASI is entitled to *all* 'Losses' (including attorney's fees and costs) resulting from breach of the 1998 Agreement by [Radiant] or their use of the software," (2) "Section 38.001 of the Texas [Civil Practice and Remedies] Code . . . provides for an award of attorney's fees and costs where the underlying claim is valid and based on an oral or written contract," and (3) "ASI is the prevailing party in the declaratory judgment action, and thus, the Court has the discretion to enter an award of fees and costs." (Def.'s Pet. for Atty's Fees and Costs at 2.)  ASI requests $281,237.98 in attorney's fees and costs. (Pl.'s App. at 20, 120; Pl.'s Reply at 10.)

In cases before the federal court based on diversity, an award of attorney's fees is governed

by state law. *See Am. Realty Trust, Inc. v. Matisse Capital Partners LLC,* No. 3:00-CV-1801-G, 2004 WL 2046774, at *3 (N.D. Tex. Sept. 14, 2004) (citing *Mid-Continent Cas. Co. v. Chevron Pipe Line, Co.,* 205 F.3d 222, 230 (5th Cir. 2000)). Under Texas law, attorney's fees are awarded only when authorized by contract or statute. *See Schlobohm v. Pepperidge Farm, Inc.,* 806 F.2d 578, 583 (5th Cir. 1986).

### A. *Is ASI Entitled to Attorney's Fees and Costs Under the 1998 Agreement?*

ASI contends that the terms of the indemnification clause of the 1998 Agreement entitle it to attorney's fees. However, Radiant claims that the indemnity clause only relates to claims brought by third parties. In construing a contract, courts give the language its plain grammatical meaning unless it would defeat the intention of the parties. *See Am. Realty Trust, Inc.,* 2004 WL 2046774, at *3 (citing *Reilly v. Rangers Mgmt., Inc.,* 727 S.W.2d 527, 529 (Tex 1987)).

Section 11.2 of the 1998 Agreement requires Radiant (as the successor of the purchaser of the software) to be liable to ASI for any "Losses" resulting from "the breach or falsity of any covenant or agreement made by [Radiant] in this Agreement." (Def.'s Atty's Fees App. at 48.) "Losses" is defined in Section 11.1 of the agreement to include reasonable attorney's fees. (*Id.* at 47.) The plain language of the provision refutes Radiant's claim that the Indemnity Clause only covers suits by third parties, as it contemplates a breach by the parties to the contract when it specifies that a breach or falsity is "by the Purchaser."[1] (*Id.*) The arbitrator found that this term entitled ASI to attorney's fees and costs related to the arbitration because of the various ways in

---

[1] An indemnity provision can be written such that the parties "indemnify each other against claims they later assert against each other." *Ganske v. Spence,* 129 S.W.3d 701, 708 (Tex. App. - Waco 2004, no pet.) (quoting *Ingersoll Rand Co. v. Valero Energy Corp.,* 997 S.W. 2d 203, 208 (Tex. 1999)).

which Ibertech and Radiant breached the agreement. Therefore, based on both the plain language of the contract and the arbitrator's finding, the Court finds that this term entitles ASI to losses, including attorney's fees and costs it expended in this Court to enforce the contract.

### B. Is ASI Entitled to Attorney's Fees and Costs Under Texas Civil Practice & Remedies Code Ann. § 38.001(8)?

ASI also claims it is entitled to fees under Texas Civil Practice & Civil Remedies Code § 38.001(8), which states that "a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for. . . an oral or written contract." Tex. Civ. Prac. & Rem. Code Ann.§ 38.001(8) (Vernon 2006). However, because ASI has brought no affirmative claim in this Court related to the breach of contract, Radiant argues that ASI is not the prevailing *plaintiff* and cannot recover under Section 38.001. Under Section 38.001, "a party. . . must prevail on a cause of action for which attorney's fees are recoverable." *Am. Realty Trust, Inc.,* 2004 WL 2046774, at *4. In fact, in cases "[w]here the requisite elements are proven, an award of attorney's fees is mandatory, not discretionary." *Cale's Clean Scene Carwash, Inc. v. Hubbard,* 76 S.W.3d 784, 787 n.4 (Tex. App. - Houston [14th Dist.] 2002, no pet.). An essential element to recovery under Section 38.001 is "the existence of a duty or obligation which the opposing party has failed to meet." *Schlobohm,* 806 F.2d at 582 (quoting *Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex. 1983)). The *Schlobohm* court explained that the intent of the legislature in drafting the section was to provide for recovery of attorney's fees only in suits where parties that are wronged as a result of a breach of contract are forced to bring suit. *Id.*

While ASI did not bring its breach of contract claim in this Court, it did originally filed suit in Delaware. After the Delaware suit was dismissed for lack of personal jurisdiction, Radiant brought

its declaratory judgment action in this Court to determine that it had no liability under the 1998 Agreement. In similar circumstances, this Court has termed the defendant of a declaratory judgment action the true plaintiff. *See Brietling USA, Inc. v. Porter,* No. 3:01-CV-2331-P, 2002 WL 1286148 at *7 (N.D. Tex. June 6, 2002). In addition, ASI brought its breach of contract claim before the arbitrator, and the arbitrator declared ASI to be the prevailing party.

For these reasons, ASI falls within the ambit of Section 38.001 as the prevailing party on the breach found by the arbitrator. Thus, the Court rejects Plaintiffs' argument that ASI is not the prevailing plaintiff in a breach of contract action.[2]

### III. REASONABLENESS AND NECESSITY OF ASI'S ATTORNEY'S FEES.

Before a court can award attorney's fees, a party must prove they are reasonable and necessary. *See Hoelscher v. Kilman,* No. 03-04-00440-CV, 2006 WL 358238, at *5 (Tex. App-Austin, no pet. Feb. 16, 2006). The reasonableness of attorney's fees is a question of fact. *See Asfahl Agency v. Tensor Inc.,* 135 S.W.3d 768, 802 (Tex. App.-Houston [1st Dist.] 2004, pet. denied). To calculate reasonable attorney's fees, an attorney should multiply the number of hours worked by the hourly rate to come up with the "lodestar amount." *See City of Houston v. Levingston,* – S.W.3d –, 2006 WL 2076034, at *27 (Tex. App. - Houston [1st Dist.] July 27, 2006,

---

[2] Radiant also cites *American Airlines v. Swest, Inc.,* 707 S.W.2d 545 (Tex. 1986) for the proposition that the prevailing plaintiff has to bring the claim in order to recover attorney's fees under Section 38.001. In that case, the court found that American Airlines did not breach its contract with Swest when it failed to verify a check's authenticity it had accepted on Swest's behalf. *See id.* However, the court rejected American Airlines' claim for attorney's fees under Section 38.001 because it did not *prevail on a breach of contract claim*. *See id.* This case's decision was not based solely on which party brought the claim. Instead, it was relevant that the "prevailing party" was not the victim of a breach of contract; it simply successfully defended itself against a breach of contract claim. *See id.* Here, the arbitrator found ASI to be a victim of a breach of contract, making it the intended beneficiary of the statute under the facts of the present case.

no pet. h.). The number of hours and the hourly rate must be reasonable. *See Guity*, 54 S.W.3d at 528-29. After calculating the lodestar amount, a trial court can adjust the lodestar amount upward to account for the well-established *Johnson* factors. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required; (4) the effect on other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorneys' relationship with the client; and (12) awards in similar cases. *See id.* If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments. *See Guity*, 54 S.W.3d at 529.

An attorney's fee award may be challenged for the sufficiency of the evidence to support the award. *See Asfahl Agency,* 135 S.W.3d at 801-02. Generally, evidence of attorney's fees that is clear, direct, and uncontroverted is taken as true as a matter of law, especially where the opposing party had the means of disproving the evidence but did not. *See Hoelscher,* 2006 WL 358238 at *5; *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex. 1990). However evidence of attorney's fees adduced through the testimony of an interested witness, such as the attorney himself, may establish the amount of attorney's fees as a matter of law only if: (1) the testimony could be readily contradicted if untrue; (2) it is clear, direct, and positive; and (3) there are no circumstances tending to discredit or impeach it. *Id.* The relevant standard requires that the court have sufficient evidence "upon which to exercise its *discretion* in awarding fees." *Century Prod. Co. v. Cosco, Inc.,*

No. 3:00-CV-0800–BH, 2003 WL 21468525, at *2 (N.D. Tex. June 19, 2003) (emphasis added).

Radiant challenges the sufficiency of ASI's evidence to prove its attorney's fees reasonable. First, Radiant claims that ASI failed to provide sufficient proof and detail that the rates its attorneys charged are reasonable in the relevant locality for similar services. (Pls.' Resp. at 11.)[3] Second, Radiant maintains that ASI has not stated with specificity the fee arrangements ASI has with its counsel. Third, Radiant argues that ASI's fee petition lacks sufficient detail or information as to the time attorneys spent on specific tasks. Fourth, Radiant complains that ASI failed to specify the identity or qualification of the timekeepers, thereby making the review and challenge of attorney's fees impossible. (Pls.' Resp. at 12.) Fifth, Radiant contends that ASI's fee request is excessive and that ASI should not be entitled to recover fees for filing the unnecessary Delaware action. (Pls.' Resp. at 14.) Finally, Radiant argues that ASI should not be entitled to recover fees for its briefing on Radiant's motion to strike, which the Court granted in Radiant's favor and which resulted in a sanction against ASI.

In this case, ASI used three different law firms to assist it in managing this litigation. Its lead counsel in charge of the arbitration and litigation is Cooley Godward LLP, a large international law firm based in Washington DC. The Cooley Godward attorneys involved in this matter are Michael Klisch (partner), Robert Cahill (partner), and Craig Guthery (associate). ASI and Cooley Godward hired Dallas attorney Randal Shaffer of the law firm Mateer and Shaffer, LLP as local counsel in Texas to advise them on issues of Texas law and local practice with respect to this action. ASI and

---

[3] Radiant does not challenge the fees incurred by ASI's local Dallas counsel, Randall Shaffer.

Cooley Godward also retained the law firm of Ashby & Geddes, LLP in Wilmington, Delaware as local counsel in Delaware to advise them on issues of Delaware law and local practice with respect to the Delaware lawsuit.

ASI's Petition for Attorney's Fees and Costs incorporates a declaration from Cooley Godward partner, Michael Klisch. (Def.'s Atty's Fees App. at 16.) In the affidavit, Mr. Klisch asserts that he has experience with software disputes such as this one, as well as trial and arbitration experience. (*Id.*) Klisch states that the hourly rates charged by his firm's attorneys are comparable to those of attorneys in "large international firms" in Washington, D.C., Wilmington, Delaware, and Dallas, Texas - the three cities in which attorneys worked on this matter. (Def.'s Atty's Fees App. at 16.) Finally, Klisch seeks $281,237.98 in total fees and costs in this matter, representing work performed by all three law firms on the court proceedings.

In addressing Radiant's arguments, the Court first notes that the fact that counsel for ASI may have had a fee arrangement that combined fixed fee, hourly fee, and contingent fee payments is not dispositive on the question of a reasonable rate. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *see also Blanchard v. Bergeron,* 489 U.S. 87, 96 (1989). The law requires the Court to calculate ASI's award of reasonable attorney's fees based on the lodestar calculation. *See Guity v. C.C.I. Enter. Co.,* 54 S.W.3d 526, 528 (Tex. App. - Houston [1st Dist.] 2001, no pet). To do so, the Court must be able to multiply the attorneys' hourly rate by the number of hours worked. *See id.* In his fee petition, Klisch provides a detailed monthly account of the Cooley Godward timekeepers who worked on the case including their hours worked, descriptions of the tasks performed, and the hourly rates charged. (Def.'s App. at 21-35.) Likewise,

ASI's Dallas counsel, Randal Shaffer, provided an account of the work he performed on behalf of ASI, including the hours worked, descriptions of tasks performed, and the hourly rates charged. (Def.'s App. at 86-92.)

However, Radiant argues that ASI's fee petition lacks sufficient detail or information with regard to the time spent on specific tasks. (Pls.' Mot. at 12.) The Court agrees. Cooley Godward's fee petition is organized on a month-by-month basis and specifies by timekeeper the dates certain work was performed and the type of work performed. However, the number of hours worked for each timekeeper is provided as a cumulative monthly total; the fee petition does not identify the amount of time each timekeeper spent on each task. Thus, there is no way for Radiant to challenge a time entry as excessive because Radiant cannot determine from these documents how much time a person spent on a particular task.

Radiant also argues that ASI failed to provide sufficient proof and detail that the rates it charged are reasonable in the relevant locality for similar services. Cooley Godward billed out its attorneys at rates ranging from $150 (summer associate) to $525 (Klisch). Klisch testified in his affidavit that these rates are reasonable and customary for attorneys at large national law firms. (Def.'s App. at 19.) Likewise, ASI's Dallas counsel, Mr. Shaffer states in his affidavit that fees in the range of $200 to $550 are reasonable in Dallas. (Def.'s App. at 84.) Radiant opposes ASI's rates with their own affidavit by Michael D. Schattman, an Arlington, Texas attorney who states that the rates charged by Cooley Godward are "excessive and not in line with the customary and usual fees charged by Texas attorneys of similar experience and prowess." (Pls.' App. at 28.) In support of this contention, he notes that Klisch's billing rate is far more than the rate billed by ASI's Dallas

counsel, Mr. Shaffer - who charged ASI only $250 per hour.

The Court agrees that the proper comparison in Dallas for Cooley Godward's rates should be a firm of equal size with multiple offices, not a relatively smaller firm in a smaller city. Therefore, Klisch's averment that the rates of Cooley Godward timekeepers are reasonable for an international law firm in Dallas is sufficient to prove that an attorney at a similar level at such a firm would have rates comparable to the Cooley Godward range.  In fact, ASI's Dallas counsel, Mr. Shaffer recognizes in his affidavit that rate differences can exist within the same locale, and are determined not only based on an attorney's expertise and experience, but also based on where he practices, the size of the firm, and the firm's reputation. (Def.'s App. at 84.)  Thus, the available evidence weighs in favor of the ASI's attorney's fees being within the reasonable range charged in the Dallas area for similar services at similar firms.

Radiant also argues that ASI failed to specify the identity or qualification of the timekeepers, thereby making the review and challenge of attorney's fees impossible.  A review of the fee application indicates that ASI clearly provided the identities of each timekeeper; however, Radiant correctly noted that ASI failed to provide the qualifications/job title of the timekeepers.  In its reply, ASI attempts to correct this deficiency by providing the class years and associate/partner status of all the various timekeepers except Bonnie Nelson. (Def.'s Reply at 9 n.5; Pl.'s App. at 119.)

Radiant also contends that the Court should reduce the fee amount because the fees were incurred unnecessarily and are frivolous. (Pls.' Resp. at 13-14.)  Radiant seeks to characterize the litigation in this case as simply involving "one motion which resulted in a stay and an order compelling arbitration." (Pls.' Resp. at 14.)  This is a gross mischaracterization of the proceedings

in this case. There are nearly one hundred docket entries in this case to date, including extensive briefing on such substantive motions as a motion to remand, a jurisdictional motion to dismiss, and a motion to compel arbitration. Radiant does not provide any argument or evidence to establish that ASI's fees were incurred frivolously or unnecessarily, with the exception of those fees incurred by ASI relating to ASI's filing of documents marked "Confidential." Both ASI and this Court agree that ASI is not entitled to recover fees for work performed on that issue and Klisch states in his supplemental affidavit that his firm "did not include in the [fee] Petition any time entries for work performed on that matter." (Def.'s App. at 119.)

In conclusion, the Court hereby GRANTS ASI's Motion to Lift Stay Order of September 30, 2005 and DENIES Plaintiffs' Motion to Voluntarily Dismiss their Complaint. The Court also DENIES without prejudice ASI's Petition for Attorney's Fees and Costs. ASI is hereby entitled to amend its fee petition to include the detail necessary to identify the timekeepers' time spent on each specific task. ASI may also amend its fee petition to provide the class years and associate/partner status of Bonnie Nelson. ASI's amended fee petition, should it choose to submit one, is due no later than ten (10) days from the date of this Order. Radiant will have fifteen (15) days therefrom to file its objections, if any. ASI will have ten (10) days from the date the response is filed to file a reply.

It is SO ORDERED, this 7th day of September 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE