IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RADIANT SYSTEMS, INC., and | § | |
| RADIANT HOSPITALITY SYSTEMS, LTD., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:04-CV-2597-P |
| AMERICAN SCHEDULING, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant American Scheduling, Inc.'s ("ASI") Petition for

Attorney's Fees and Costs ("Amended Fee Petition"), filed September 21, 2006 and ASI's

Motion to Strike Plaintiffs' Response to Amended Petition for Attorney's Fees and Costs, filed

October 20, 2006.  After careful consideration of these motions, the Court hereby GRANTS in

PART ASI's Petition for Attorney's Fees and Costs and GRANTS ASI's Motion to Strike

Plaintiffs' Response to Amended Petition for Attorney's Fees and Costs.

## DISCUSSION

On September 7, 2006, this Court entered an order denying without prejudice ASI's original

motion for attorney's fees and giving ASI ten (10) days to amend its fee petition to clarify certain

time entries.  On September 21, 2006, ASI filed its Amended Fee Petition seeking $273,487.66 in

attorney's fees.  ASI's original fee petition sought $281,237.98.

Plaintiff Radiant Systems, Inc. et al. ("Radiant") responds to ASI's Amended Fee Petition

by arguing, at length, that this Court is "not authorized to make such an award."  The issue of

1

whether this Court is authorized to award attorney's fees in this case was extensively briefed and discussed in conjunction with ASI's Motion to Lift Stay Order and Petition for Attorney's Fees, on which this Court ruled on September 7, 2006.  ASI contends that the Court should strike Radiant's response, which in reality is a supplemental brief, because it intentionally exceeds the scope of the Court's September 7, 2006 order and violates Local Rule 7.1 due Radiant's failure to seek leave to file and failure to confer with ASI's counsel.

As Radiant is no doubt aware, the scope of a response should not exceed the arguments (or in this case, the evidence) made by the movant in its motion.  Certainly, Radiant's response far exceeds the scope of the evidence presented in ASI's Amended Fee Petition.  The Court requested that ASI amend its fee petition to provide certain documentation to support its fee request and ASI complied.  The scope of Radiant's response should have been limited to a discussion of that documentation.  Instead, Radiant's response is comprised of a lengthy motion re-arguing the issues resolved by the Court's September 7, 2006 order.

If Radiant had wanted to re-argue the issue of whether the Court has the authority to award fees in this action, it should have made those arguments in a motion for reconsideration.  The Court does note that it has reviewed Radiant's discussion on this issue and concludes that Radiant failed to provide any new compelling legal authority establishing that this Court is prohibited from awarding these fees.

## OBJECTIONS TO FEE PETITION

In its Order of September 7, 2006, the Court found that it could not determine whether the number of hours expended on this litigation by ASI was reasonable because ASI reported its time

for each timekeeper as a cumulative monthly total.  The Court allowed ASI to amend its fee petition to include the detail necessary to identify the timekeepers' time spent on each specific task.

As discussed in the Court's Order of September 7, 2006, the Court must determine the number of hours reasonably expended on the litigation in its calculation of the lodestar amount. Radiant argues that certain of ASI's time entries were not reasonably necessary due to their being excessive, duplicative, or erroneous.  The Court will address each of those claims in turn.[1]

## A.     Inconsistencies.

Radiant contends that certain of Cooley Godward's records reflect time billed for reviewing orders on dates prior to their entry on the docket, thereby demonstrating inconsistencies in their billing records.  (Resp.  at 14.)  Radiant concludes that this inaccuracy demonstrates Cooley Godward's inability to properly estimate its time spent on tasks.

The Court notes that the orders to which Radiant refers were filed on the same dates Cooley Godward's records indicate they were reviewed by counsel.   That they may have been entered on the docket subsequent to their filing and review does not mean ASI did not review them on the dates they were filed.

---

[1]  ASI's lead counsel in charge of the arbitration and litigation is Cooley Godward LLP, a large international law firm based in Washington DC.  The Cooley Godward attorneys involved in this matter are Michael Klisch (partner) and Robert Cahill (partner).  ASI and Cooley Godward hired Dallas attorney Randal Shaffer of the law firm Mateer and Shaffer, LLP as local counsel in Texas to advise them on issues of Texas law and local practice with respect to this action.  Klisch's billing rates were $455 in 2004, $465 in 2005, and $525 in 2006.  Cahill's billing rates were $410 in 2004, $440 in 2005, and $465 in 2006.  (Defs.' App. at 35.)

**B.      Excessive Entries.**

Radiant notes that ASI's billing records reflect time discrepancies with respect to telephone conferences between Michael Klisch and local counsel Randal Shaffer.  From these inconsistences, Radiant concludes that some of the billing may have been excessive.

Klisch testifies that these discrepancies exist because neither Klisch nor Shaffer billed all their time spent in these conferences.  (Defs.' App.  at 163, 166.)  In fact, even Radiant acknowledges that these discrepancies may be due to the fact that the attorneys may not have recorded or billed all their time.  (Resp. at 15.)  Absent some evidence that these billing entries are excessive, rather than an underestimate of the time billed, the Court will not strike or reduce them.

Radiant also questions the veracity of some billing entries on days where Klisch billed very long hours.  (Resp.  at 16.)  Radiant notes that on certain deposition dates, Klisch billed for work other than his attendance at the deposition.  Radiant alerts the Court to the fact that on September 7, 2005, Klisch billed 6.5 hours preparing and filing the various motions regarding the motion to compel arbitration when there was also a deposition that day from 12:07 p.m.-6:04 p.m.  (Defs.' App.  at 149-50.)

First, the fact that an attorney may have attended a six-hour deposition and then worked six more hours to prepare for a filing that same day does not appear unreasonable to the Court. Interestingly, there is no billing entry for Klisch for the 6-hour deposition he attended (*see* Radiant Ex.  F) and thus, the Court assumes Klisch did not bill this time.  (Defs.' App.  at 149-50.)  The Court does not find that billing 6.5 hours to prepare and file two motions is unreasonable.

Radiant also points to September 29 and 30, 2005, where Klisch billed 6 hours and 4.5 hours respectively, with no description of the work performed.  (Defs.' App.  at 150.)  Radiant notes that

Klisch attended a deposition on September 29 from 12:15-4:21 and another deposition on the 30th from 10:15-5:24 (*see* Radiant Exs. G, H).  Klisch testifies that those billing entries are for non-specified he work performed on those days.  (Reply at 4; Defs.' App.  at 164-65.)  Although the Court cannot determine the reasonableness of this unspecified work, it does find that entries of 6 hours and 4.5 hours while attending those depositions on September 29 and 30 is reasonable.

Radiant argues it was unreasonable for Klisch and Cahill to each spend 0.5 hours reviewing the Court's Order Requiring Attorney Conference and Proposal for Contents of Scheduling and Discovery Order.  Finally, Radiant argues that Klisch's billing entry of 0.5 for reviewing ASI's Certificate of Interested Persons is unreasonably excessive.  (Resp. at 17.)

ASI explains that the lengthy and detailed Court's Order Requiring Attorney Conference and Proposal for Contents of Scheduling and Discovery Order warrants at least 0.5 hours review.  It also explains that the 0.5 hours billed regarding its own Certificate of Interested Persons was the only time billed for that document's drafting and filing.  Thus, the Court concludes that the time spent on these tasks was not excessive.  (Reply at 4-5.)

Radiant also argues that it was unreasonable for Klisch to bill 0.5 hours reviewing the Court's one-page order granting ASI's motion to expedite motion to compel arbitration[2] and 0.5 hours reviewing the Court's order granting the consent motion to file motion to compel arbitration under seal.  Radiant also notes that Cooley Godward bills in quarter-hour increments, which can be excessive where very short tasks are concerned - three in particular.  Radiant asks that those three entries be reduced from .25 hours to .10 hours.  (Resp.  at 17.)

---

[2]  ASI agrees that this time entry is excessive.  (Reply at 5 n.5.)

5

The Court agrees that the time spent reviewing these five orders should not have exceeded six minutes each, or .10.  By reducing all five of these entries to .10 entries, the Court hereby reduces ASI's fee request by $573.75.

Radiant also argues that certain billing entries for time spent preparing motions and related filings appears to be excessive.  Radiant points to two entries - January 26, 2005 for 7.5 hours (Klitsch and Cahill) and May 12, 2005 for 6.5 hours (Cahill) that it believes are excessive in light of the amount of work required to perform the tasks.  (Resp. at 18.)  Both tasks involved preparing and filing a one-page supplemental reply with two exhibits.  ASI agrees that these entries are excessive and the Court hereby reduces each of those entries to 2.0 hours at Cahill's 2005 billing rate of $440 per hour.  (Reply at 6 n.6.)  Therefore, ASI's fee request will be reduced by $4500.

ASI also questions the reasonableness of Cooley Godward attorneys billing 88.25 hours in June 2006.  (Resp. at 18-19.)  ASI confirms that Cooley Godward attorneys did bill 88.25 preparing its reply brief to its motion for attorneys' fees and appendix.  ASI explains that the legal research, factual investigation, and preparation of the reply were substantial undertakings necessitated by Radiant's response.  After a review of the reply brief, the Court notes that the issues raised in the reply were the same issues raised and researched in conjunction with the original motion.  In light of the familiarity and complexity of the issues, the Court concludes that 88.25 hours is an excessive amount of time.  Therefore, the Court hereby reduces ASI's billing amount by half, or $17,963.13.

## C.    Duplicative Entries.

Radiant contends that ASI duplicated billing entries with respect to intra-office conferences and telephone calls among Cooley Godward attorneys.  (Resp. at 19.)  Radiant argues that "[t]he precise time for which ASI seeks compensation in connection with the conferences is not clear, as

6

some of those conferences are listed in entries lumping several tasks together." (Resp. at 19.) Radiant does not identify any particular time entries that are "lumped" together or that may contain duplicative billing for intraoffice conferences. Without any specification, the Court refuses to find any billing unreasonable or excessive.

Radiant also contends that some of Klisch's entries for June 2006 may be duplicative because he performed several tasks such as reviewing pleadings, reviewing legal research, preparing correspondence, and reviewing local rules, on several occasions during that month. (Resp. at 20.) Although these are the types of tasks attorneys perform day-in and day-out in the course of litigation, the work descriptions for Klisch for each billing date of June 2006 reads like a broken record - simply repeating the same tasks over and over, using identical descriptions without variation. (Defs.' App. at 153-54.) ASI does not shed light on any of these entries. ASI could have explained what research was performed on certain dates or what correspondence was sent on certain dates or why Klisch reviewed the local rules over and over on five different occasions. Yet it failed to do so. Therefore, the Court will reduce this entry from 40.25 hours to 33 hours, for what appear to be certain duplicative entries in drafting correspondence, reviewing pleadings and the record, and reviewing local rules. Therefore, the Court hereby reduces ASI's fee award by $3806.25.

Radiant also argues that Cahill's and Klisch's billing entries for September 2005 lack sufficient detail to establish that certain tasks were performed in connection with the litigation as opposed to the arbitration. (Resp. at 21.) ASI compares Cahill's and Klisch's September 2005 litigation billing records with their September 2005 arbitration billing records and argues that the work may have been duplicated. (Resp. App. Ex. I at 15 (Arbitration); Defs.' App. at 149

(Court).)  However, the descriptions of work performed in the arbitration billing records differ from those in the litigation billing records, which suggests no duplication or overlap.

**D.      Fees for Filings Related to Radiant's Motion to Strike.**

Radiant also challenges certain fees it contends were incurred by ASI in conjunction with the filing of ASI's response to Radiant's motion to strike ASI's Second Supplemental Reply Brief (to its motion to dismiss) and ASI's response to Radiant's motion for attorneys' fees . (Resp. at 22-23.) ASI, Radiant, and the Court all agree that ASI is not permitted to recover fees incurred by ASI with respect to its response to Radiant's motion to strike.  In fact, Klisch testified that he modified certain time entries "in an effort to ensure that such entries do not include any work performed in response to [Radiant's] May 20, 2005 Motion to Strike."  (Defs.' App.  at 133.)  Thus, ASI agrees that the September 27, 2005 entries by Cahill (1.5 hours) and Klisch (.5 hours) were inadvertently included and should be stricken.  Therefore, the Court hereby reduces ASI's attorney fee award by $892.50.

ASI asserts that the fees identified by Radiant relating to ASI's response to Radiant's motion for attorneys' fees should be recoverable because Radiant's fee petition was so unreasonable.  (The Court awarded Radiant $760 on a claim of $4900.)[3]  The Court disagrees.  ASI's own improper filing of its Second Supplemental Reply Brief prompted Radiant to file a motion to strike, for which the Court awarded Radiant its attorneys' fees.  Radiant filed a brief fee petition, to which ASI responded. ASI should not be allowed to recover fees for the work it generated for itself though the improper filing of a document.  Therefore, the Court hereby reduces ASI's fees by $2868.75.  (Resp.  at 23.)

---

[3]  Radiant notes that ASI has not yet paid the $760.00.

**E.      Fees Sought for Work Related to the Delaware Action.**

With respect to fees incurred in connection with the Delaware action, the Court does not believe this is the appropriate forum for awarding those fees. The Court held in its order of September 7, 2006 that this Court is the more efficient and appropriate forum for determining the reasonableness and appropriateness of fees incurred in this court-related litigation. Just as this Court has the most intimate knowledge of the procedural history of this case, the Delaware court is the most appropriate arbiter of the reasonableness of the fees incurred in that case. Therefore, the Court hereby reduces ASI's fee request by $22,803.31.

**F.      Fees Sought for Work Performed on Motion to Remand.**

Finally, Radiant argues that ASI is not entitled to recover the fees it incurred defending against Radiant's unsuccessful motion to remand because the Court already denied ASI's earlier attempt to recover those fees. The Court disagrees. The Court's order of September 7, 2006 provides ASI with another basis for recovering those fees, and therefore the Court finds it is entitled to them.

**G.      Reasonable Necessity of Work.**

The Court is obligated to award only "reasonable attorney's fees". In its objections to ASI's original fee petition, Radiant argued that the Court should reduce the $250,000-plus fee request because the fees were incurred unnecessarily and were frivolous. Radiant based its argument on the fact that this case involved only "one motion which resulted in a stay and an order compelling arbitration." In its September 7, 2006 order, the Court held that Radiant's mischaracterized the nature of the proceedings in this case and that it failed to provide any argument or evidence to establish that ASI's fees were incurred frivolously or unnecessarily.

However, the Court does recognize that this case reasonably necessitated only five substantive motions: a motion to dismiss, a motion to remand, a motion to compel arbitration, a motion to reconsider, and an attorneys' fees motion - all of which were of minimum to moderate complexity and none of which resulted in an order exceeding nine pages. Yet the Parties filed numerous unnecessary satellite briefs that increased tremendously the cost and time expended on this litigation.

The Court concludes that a reasonably necessary fee in this case would not exceed $138,043.10, a generous amount considering that the only real substantive issue that needed to be resolved in this case was the issue of whether this case must be arbitrated.[4]

Therefore, for the reasons stated herein, the Court hereby awards ASI $138,043.10 in attorneys' fees.

It is SO ORDERED, this 23rd day of February, 2007.


JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[4]  The remand motion filed by Radiant concerned whether the amount in controversy exceeded $75,000 and bordered on frivolous.